# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | | |
|---|---|---|
| BARBARA J. BRANT, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | CASE NO. 4:18CV1030 HEA |
| | ) | |
| MONSANTO COMPANY, | ) | |
| | ) | |
| Defendant. | ) | |

## OPINION, MEMORANDUM AND ORDER

This matter is before the Court on Plaintiffs' Motion to Remand, [Doc. No. 17]. Defendant filed a response in opposition. Plaintiffs did not file a reply.

## Background

On May 1, 2018, Plaintiffs initiated this action in the Circuit Court of St. Louis County, Missouri, asserting a design defect claim, a failure to warn claim, a negligence claim, a wrongful death claim, and a survival action against Defendant. Plaintiffs allege that as a result of their exposure to Defendant's product, Roundup, they developed non-Hodgkin's Lymphoma, resulting in their permanent and severe injury. Respectively, Plaintiffs allege citizenship of various states, including Alabama, Arizona, California, Colorado, Florida, Georgia, Idaho, Illinois, Indiana, Iowa, Kansas, Kentucky, Louisiana, Maryland, Massachusetts, Michigan, Mississippi, Missouri, Montana, Nebraska, Nevada, New Jersey, New Mexico,

New York, North Carolina, Ohio, Oklahoma, Oregon, Pennsylvania, Tennessee, Texas, Utah, Virginia, Washington, and Wisconsin. Plaintiffs allege that Defendant is a Delaware corporation with its headquarters and principal place of business in Missouri.

Defendant removed the action to this Court on June 25, 2018, invoking jurisdiction based on the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. § 1332(d). In the instant motion, Plaintiffs argue that because Defendant's principal place of business is Missouri, this case should be remanded pursuant to the forum defendant rule, 28 U.S.C. § 1441(b)(2). Defendant opposes remand, asserting that the forum defendant rule does not apply due to Defendant's basis for removal, CAFA.

**Legal Standards**

"A defendant may remove a state law claim to federal court only if the action originally could have been filed there." *In re Prempro Prods. Liab. Litig.*, 591 F.3d 613, 619 (8th Cir. 2010) (citing *Phipps v. FDIC*, 417 F.3d 1006, 1010 (8th Cir. 2005)). The removing defendant bears the burden of establishing federal jurisdiction by a preponderance of the evidence. *Altimore v. Mount Mercy Coll.*, 420 F.3d 763, 768 (8th Cir. 2005). "All doubts about federal jurisdiction should be resolved in favor of remand to state court." *In re Prempro*, 591 F.3d at 620 (citing *Wilkinson v. Shackelford*, 478 F.3d 957, 963 (8th Cir. 2007)). A case must be

remanded if, at anytime, it appears that the district court lacks subject-matter jurisdiction. 28 U.S.C. § 1447(c); Fed. R. Civ. P. 12(h)(3).

CAFA provides the federal courts with original jurisdiction to hear a class action if the class has more than 100 members, the parties are minimally diverse, and the matter in controversy exceeds the sum or value of $5 million in the aggregate. *Dammann v. Progressive Direct Ins. Co.*, 856 F.3d 580, 583 (8th Cir. 2017) (citing *Raskas v. Johnson & Johnson*, 719 F.3d 884, 886 (8th Cir. 2013)). Although both confer federal jurisdiction, CAFA jurisdiction is distinct from diversity jurisdiction.

The "forum defendant" rule, set forth in 28 U.S.C. § 1441(b)(2), imposes the following restriction on the removal of diversity cases:

> A civil action otherwise removable solely on the basis of the jurisdiction under section 1332(a) [diversity jurisdiction] of this title may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought.

The forum defendant rule, therefore, does not apply to cases in which non-diversity federal jurisdiction lies.

## Discussion

Plaintiffs invoked the forum defendant rule (and only the forum defendant rule) in support of their motion to remand. However, as Defendant points out, removal of this case is based on CAFA jurisdiction, not diversity jurisdiction. Therefore, the forum defendant rule does not apply.

Meanwhile, Plaintiffs do not argue that Defendant have not adequately pleaded federal jurisdiction under CAFA. Nor do Defendant argue that "one of CAFA's express jurisdictional exceptions applies," as required of a party seeking remand of a case in which the removing party has established CAFA's jurisdictional requirements are met. *Westerfield v. Indep. Processing, LLC*, 621 F.3d. 819, 822 (8th Cir. 2010). Plaintiffs' motion for remand will be denied.

Plaintiffs also request that in the alternative to remand, the Court should transfer this case to the MDL. Such a transfer is not within the purview of this Court. 28 U.S.C. §1407(c). Thus, Plaintiffs' alternative request for transfer to the MDL will be denied.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiffs' Motion to Remand [Doc. No. 17] is DENIED.

Dated this 25th day of February, 2020.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE